OLF 3 (Official Local Form 3 and Cover Sheet)

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

### CHAPTER 13 PLAN COVER SHEET

Filing Date: 1/6/2017          Docket #: 16-13347

Debtor: David Greenwood        Joint Debtor: _____

SS#: (last 4 digits) 8634      SS#: (last 4 digits) _____

Address: 33 Alpine Ave         Address: _____
Fairhaven, MA 02719

Debtor's Counsel: Heather Lynham

Address: 51 Alden Rd
Fairhaven, MA 02719

Telephone #: 508-994-3205      Facsimile #: 508-992-4465

**ATTACHED TO THIS COVER SHEET IS THE CHAPTER 13 PLAN FILED BY THE DEBTOR(S) IN THIS CASE. THIS PLAN SETS OUT THE PROPOSED TREATMENT OF THE CLAIMS OF CREDITORS. THE CLAIMS ARE SET FORTH IN THE BANKRUPTCY SCHEDULES FILED BY DEBTOR(S) WITH THE BANKRUPTCY COURT.**

**YOU WILL RECEIVE A SEPARATE NOTICE FROM THE BANKRUPTCY COURT OF THE SCHEDULED CREDITORS MEETING PURSUANT TO 11 U.S.C. § 341. THAT NOTICE WILL ALSO ESTABLISH THE BAR DATE FOR FILING PROOFS OF CLAIMS.**

**PURSUANT TO THE MASSACHUSETTS LOCAL BANKRUPTCY RULES, YOU HAVE UNTIL THIRTY (30) DAYS AFTER THE 11 U.S.C. § 341 MEETING OR THIRTY (30) DAYS AFTER THE SERVICE OF AN AMENDED OR MODIFIED PLAN TO FILE AN OBJECTION TO CONFIRMATION OF THE CHAPTER 13 PLAN, WHICH OBJECTION MUST BE SERVED ON THE DEBTOR(S), DEBTOR'S COUNSEL AND THE CHAPTER 13 TRUSTEE.**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

**FIRST AMENDED CHAPTER 13 PLAN (INDIVIDUAL ADJUSTMENT OF DEBTS)**
**DOCKET #16-13347-jnf**

**DEBTORS:** (H)  David Greenwood          SS#  8634
(W)                              SS#

## I. PLAN PAYMENT AND TERM

Debtor(s) shall pay monthly to the Trustee the sum of **$472.00** for the term of:

☐ 36 Months - 11 U.S.C. §1325(b)(4)(A)(i);

☐ 60 Months - 11 U.S.C. §1325(b)(4)(A)(ii);

☒ 60 Months - 11 U.S.C. §1322(d)(2) - Debtor avers the following cause: in order for the Debtor to cure his mortgage arrearages in full based upon his available income, the Debtor needs to extend his plan payment beyond thirty-six months

☐ ____ Months - Debtor states as reasons therefore:

## II. SECURED CLAIMS

A.   CREDITORS SECURED ONLY BY PRIMARY RESIDENCE (33 Alpine Avenue, Fairhaven, MA)

Regular mortgage payments and arrearage to be paid as follows:
( )   outside plan/1st and 2nd mortgage is current and paid to (name of mortgagee)
(X)   outside plan/1st mortgage postpetition payments to be paid directly to (name of mortgagee) Nationstar Mortgage
( )   regular mortgage payments and arrears to be paid through plan
(X)   arrearage only to be paid through the plan as follows:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| 1st - Nationstar Mortgage | Mortgage Arrearages | $23,242.62 |

B.  CLAIMS TO BE PAID THROUGH THE PLAN (ARREARAGE ONLY)

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| 1. | | |

C.  CLAIMS TO BE PAID DIRECTLY BY DEBTOR TO CREDITORS (Not through Plan)

| Creditor | Description of Claim |
|---|---|
| 1. First Citizens Federal CU | Auto Loan |

D.  MODIFICATION OF SECURED CLAIMS:

| Creditor | Details of Modification | Amount of Claim to Be Paid Through the Plan |
|---|---|---|
| 1. | | |
| 2. | | |

E.  LEASES

   i. The Debtor(s) intend(s) to reject the residential/personal property lease claims of _____ ; or
   ii. The Debtor(s) intend(s) to assume the residential/personal property lease claims of _____ .
   iii. The arrears under the lease to be paid under the plan are _____ .

**Total of Secured Claims to be Paid Through the Plan:**         **$23,242.62**

## III. PRIORITY CLAIMS

A. Domestic Support Obligations

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| 1. None | | $ |

B. All Other Priority Creditors

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| 1. | | |
| 2. | | |

**Total of Priority Claims to be Paid Through the Plan:**           **$0.00**

## IV. ADMINISTRATIVE CLAIMS

A. Attorney's fees:                                                    **$2,000.00**
   (to be paid in first 12 months of plan)

B. Miscellaneous Fees:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| 1. None | | $ |

C. The Chapter 13 Trustee's fee is determined by Order of the United State Attorney General. The calculation of the Plan payment set forth utilizes a 10% Trustee's commission.

## V. **UNSECURED CLAIMS**

The general unsecured creditors shall receive a dividend of __2__ % of their claims.

A. General Unsecured Claims: **$11,405.02**

B. Undersecured claims arising after lien avoidance/cramdown:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| 1. None | | $ |

C. Non-Dischargeable Unsecured Claims:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| 1. | | |

**Total of A + B + C General Unsecured Claims:** **$11,405.02**

D. Multiply total by percentage of dividend: **$229.00**

E. Separately classified unsecured claims (co-borrower/student loan, etc.):

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| 1. None | | $ |

**Total Amount of Separately Classified Claims Payable at ____ %:** $

## VI. **OTHER PROVISIONS**

A. Liquidation of real estate or other assets: (attach additional information as exhibit if necessary).

B. Miscellaneous Provisions:

## VII. CALCULATION OF PLAN PAYMENT

| | | |
|---|---|---|
| c) | Secured Claims (Section II total) | $23,242.62 |
| d) | Priority Claims (Section III total) | $0.00 |
| e) | Administrative Claims (Section IV A + B total) | $2,000.00 |
| f) | Regular Unsecured Claims (Section V A - D total) | $229.00 |
| g) | Separately Classified Unsecured Claims (Section V E) | $0.00 |
| h) | Total of a + b + c + d + e above: | $25,471.62 |
| i) | Divide (f) by .90 for total including Trustee's Fee    Cost of Plan | $28,301.80 |
| j) | Divide (g) Cost of Plan by Term of Plan | 60 months |
| k) | Round up to nearest dollar:    Monthly Plan Payment | $472.00 |

Pursuant to 11 U.S.C. §1326(a)(1), unless the Court orders otherwise, a debtor shall commence making payments proposed by this plan within thirty (30) days after the plan is filed.

Pursuant to 11 U.S.C. §1326(a)(1)(C), the debtor shall make preconfirmation adequate protection payments directly to the secured creditor.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## VIII. LIQUIDATION ANALYSIS

I. Real Estate (located at):

|   | Fair Market Value | Liens | Exemption | Available Chap. 7 |
|---|---|---|---|---|
| A. 33 Alpine Ave Fairhaven, MA | $167,000.00 | $241,000.00 | $0.00 | $0.00 |
|   |   |   | Net Value Equity: | $0.00 |

Basis for Exemption: 11 USC 522(d)(1)
If Homestead Exemption, date of recording: 02/23/98
Value Determined By: CMA

II. Automobile (describe year, make, model):

|   | Value | Liens | Exemption | Available Chap. 7 |
|---|---|---|---|---|
| A. 2007 Jeep Wrangler | $15,000.00 | $13,000.00 | $2,000.00 | $0.00 |
| B. |   |   |   |   |
|   |   |   | Net Value Equity: | $0.00 |

Basis for Exemption: 11 USC 522(d)(2)(5)
Value Determined By: Fair Market Value

III. Household Goods:

|   | Value | Exemption | Available Chap. 7 |
|---|---|---|---|
| A. Furnishings/Household Goods/Computer | $4,750.00 | $4,750.00 | $0.00 |
|   |   | Net Value Equity: | $0.00 |

Basis for Exemption: 11 USC 522(d)(3)
Value Determined By: FMV

IV.   Other Assets:

|   |   | Value | Exemption | Chap. 7 |
|---|---|---|---|---|
| A. | Clothing | $500.00 | $500.00 | $0.00 |
| B. | Cash/Bank Accounts | $1,070.00 | $1,070.00 | $0.00 |
| C. | Bicycles | $300.00 | $300.00 | $0.00 |
| D. | Tools/Lawnmower | $4,250.00 | $4,250.00 | $0.00 |
| E. | Sears 401K | $9,000.00 | $9,000.00 | $0.00 |
|   |   |   | Net Value Equity: | $0.00 |

Basis for Exemption:  11 USC 522(d)(3)(5)(12)
Value Determined By:  FMV

In the event of a liquidation under Chapter 7, I would claim the Federal exemptions YES (X) NO ( ) or the State exemptions YES( ) NO(X) based on which the unsecured creditors would receive: **0.0%**


/s/ Heather J. Lynham                                          01/06/17
Debtor's Counsel                                               Date



I declare under the pains and penalties of perjury that the foregoing is true and correct to the best of my knowledge and belief.


/s/ David Greenwood                                            01/06/17
Debtor                                                         Date

## CERTIFICATE OF SERVICE

I, Heather J. Lynham, hereby certify that on this 6th of January. 2017, I served a copy of the First Amended Chapter 13 Plan by mailing same first class, postage prepaid to the following:

Capital One
P.O. Box 71083
Charlotte, NC 28272

Cavalry SPV I, LLC
500 Summit Lake Drive
Suite 400
Valhalla, NY 10595

Dell Financial, LLC
Resurgent Capital Services
P.O. Box 10390
Greenville, SC 29603

Midland Funding, LLC
Midland Credit Management, Inc.
P.O. Box 2011
Warren, MI 48090

Nationstar Mortgage
P.O. Box 619096
Dallase, TX 75261

David Greenwood
33 Alpine Avenue
Fairhaven, MA 02719

E-Mail Service via the Court's CM/ECF system which sent notification of such filing to the following:

John Fitzgerald
Office of the US Trustee
USTPRegion01.BO.ECF@USDOJ.GOV

Carolyn Bankowski-13
Chapter 13 Trustee Boston
13trustee@ch13boston.com

Richard T. Mulligan
Harmon Law Offices, P.C.
mabk@harmonlaw.com

Jason Giguere
Harmon Law Offices, P.C.
mabk@harmonlaw.com

/s/ Heather J. Lynham
Heather J. Lynham, Esq.